# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| LUND MOTION PRODUCTS, INC., a Delaware corporation,<br><br>　　　　　*Plaintiff*,<br>　　v.<br><br>PRESTIGE OFF ROADS, LLC, a Texas limited liability company,<br><br>　　　　　*Defendant*. | Civil Action No.: 5:17-cv-1250 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lund Motion Products, Inc. ("Plaintiff" or "Lund") hereby complains of Defendant Prestige Off Roads, LLC (collectively "Defendant" or "Prestige") and alleges as follows:

### I. THE PARTIES

1.　Plaintiff Lund Motion Products, Inc. is a Delaware corporation having a principal place of business at 4325 Hamilton Mill Road, Suite 400 Buford, GA 30518.

2.　Defendant Prestige Off Roads, LLC is a limited liability company organized and existing under the laws of Texas with its principal place of business at 41205 interstate 10 W Frontage Rd Ste E, Boerne, TX 78006 and a registered address at 7936 Midway Depot, San Antonio, TX 78255-2157.  Prestige Off Roads, LLC has also done business under the name Prestige Motors.

-1-

## II. JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, more particularly 35 U.S.C. §§ 271 and 281.

4. Lund sells in the United States products covered by one or more of claims of the patent asserted herein.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Prestige is subject to personal jurisdiction in Texas, has committed acts complained of herein within this judicial district, and has a regular and established place of business in this district. Defendants' activities in this district include the importation, sale, promotion, and installation of the retractable vehicle steps accused of infringement in this complaint.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a) and (b).

## III. THE ASSERTED PATENT

8. Lund is the owner by assignment of U.S. Patent 9,561,751, entitled "Retractable Vehicle Step" ("the '751 patent" or "the asserted patent"), which the United States Patent and Trademark Office lawfully and duly issued on February 7, 2017. A true and correct copy of the '751 patent is attached hereto as Exhibit 1.

## IV. ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

9. Lund, together with its affiliates, is one of world's leading automotive accessory providers, offering functional, high-performance, protective and stylish products for the industry's most recognized brands.

10. The products at issue in the lawsuit are retractable vehicle steps, also known as

retractable running boards, which attach to the side of a vehicle and are capable of extending outward for use as a step and retracting inward at least partially under the vehicle.

11.  In 2013 Lund acquired all of the assets of AMP Research, the manufacturer of the PowerStep[TM] and began manufacturing the PowerStep[TM] and (in 2014) PowerStep XL[TM] lines of retractable vehicle steps (collectively "the PowerStep[TM]").  Lund manufactures all of its PowerStep[TM] products in America.  The PowerStep[TM] product has become very well known in the industry, has been cited by Automotive News, and is marketed as the "best-built, best-performing and best-selling product of its kind."  Since 2003, several major automotive manufacturers – including Lincoln, Cadillac, GMC, Chevrolet, Range Rover, and Chrysler – have offered the PowerStep[TM] products as a factory option or as an accessory.

12.  Lund has a large patent portfolio covering its innovative retractable vehicle steps, including a family of patents that includes the '751 patent.  Lund marks its PowerStep[TM] product with this patent family in two ways.  First, Lund marks the end cap of the PowerStep[TM] product with the patent numbers of several of the patents in the family of the asserted patent.  One of those patents is U.S. Patent No. 7,566,064 ("the '064 patent"), a "grandparent" of the '751 patent.  Second, Lund marks the PowerStep[TM] product with the phrase "additional patent info: www.amp-research.com," and lists additional patents on its website.  One such patent is the '064 patent. *See* http://www.amp-research.com/company/patents/.

13.  Prestige is a specialty vehicle outfitter that sells customized Jeeps, as well as customized parts for Jeeps and other vehicles, directly to customers.

14.  Prestige has marketed, offered to sell, and sold retractable vehicle steps for Jeep vehicles, as well as Jeeps outfitted with infringing retractable vehicle steps ("Prestige Steps"), through at least its corporate website https://www.prestigeoffroads.com.  Ex. 2.

15. The Prestige Steps infringe one or more claims of the '751 patent.

16. The Specialty Equipment Market Association (SEMA) trade show in Las Vegas, Nevada is touted as the "premier automotive specialty products trade event in the world" and draws more than 70,000 domestic and international buyers. Lund and AMP Research have been the recipients of several SEMA awards throughout the years. Specifically, AMP Research received the award for Best New Merchandising Display for their PowerStep™ retail display at the 2012 SEMA Show New Products Showcase. Additionally, Lund's PowerStep XL™ product was the winner of the 2014 and 2015 SEMA New Product Award in the category of Exterior Accessory Products. The 2015 SEMA New Product Awards were "given to the most innovative and cutting-edge new and featured automotive aftermarket products" and were selected from nearly 2000 products in 16 categories. *See* https://www.sema.org/sema-enews/2014/46/sema-announces-2015-new-product-award-winners-show. Furthermore, Lund's PowerStep XL™ product was featured on the 2016 SEMA Show Hottest Truck winner, the '16/'17 Ford F-250 Super Duty Truck. *See* https://www.sema.org/sema-news/2017/01/the-2016-sema-award.

17. Given the industry-leading status of Lund's PowerStep™ products, and Prestige's business of manufacturing, selling and importing retractable vehicle steps, Prestige was necessarily aware of Lund's PowerStep™ products when Prestige marketed, sold, and imported its competing Prestige Steps.

18. Prestige's decision to import, offer to sell, and sell the Prestige Steps was done with knowledge of, or willful blindness with respect to, the asserted patent.

19. Prestige's decision to launch its Prestige Steps was done with knowledge, or willful blindness to the known risk, that the Prestige Steps would infringe one or more claims of the asserted patent.

20. Prestige's actions were egregious, willful, wanton, and done in reckless or callous disregard of, or with indifference to, Lund's rights.

## V. CLAIMS FOR PATENT INFRINGEMENT

### FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 9,561,751)

21. Lund re-alleges and reincorporates the allegations set forth in paragraphs 1 through 20.

22. Certain of Prestige's retractable vehicle step products, including at least the Prestige Steps, are covered by one or more claims of the '751 patent, including at least Claim 13.

23. Prestige has infringed the '751 patent under 35 U.S.C. §§ 271(a) and 271(b) through the manufacture, use, sale, offer for sale, and/or importation into the United States of retractable vehicle steps, including the Prestige Steps.

24. Prestige has directly infringed one or more claims of the '751 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of the Prestige Steps.

25. For example, the Prestige Steps include all of the limitations of Claim 13 of the '751 patent.

26. The Prestige Steps include a stepping platform.

27. The Prestige Steps include a mounting bracket configured to be attached to a vehicle.

28. The Prestige Steps include a plurality of non-parallel support linkages configured to pivotably move the stepping platform from a retracted position to an extended position located outboard of the retracted position.

29. The Prestige Steps include a stepping platform linkage connected to the stepping platform and at least one of the plurality of support linkages, where the stepping platform linkage includes a straddling segment located on an end opposite the stepping platform, where the straddling segment includes two flanges spaced apart at a width greater than a width of the at least one of the plurality of support linkages, the two flanges being configured to retain and straddle one end of the at least one of the plurality of support linkages.

30. The stepping platform of the Prestige Steps has a width greater than the width of any of the plurality of support linkages and the stepping platform linkage.

31. The Prestige Steps has at least four axes of rotation, two of which are located on the mounting bracket and two of which are located within the straddling segment.

32. The Prestige Steps include at least one support linkage that is configured to pivot within the straddling segment.

33. The stepping platform of the Prestige Steps is configured to move downwards and outboard when moving from the retracted position to the extended position.

34. Prestige was aware of the '751 patent at least because it was aware of Lund's prominent PowerStep$^{TM}$ product, which was marked with the patent number of each asserted patent and/or a parent or grandparent thereof.

35. Prestige has actively induced and/or will actively induce others to infringe the '751 patent. Prestige's acts constitute induced infringement of the '751 patent in violation of 35 U.S.C. § 271(b).

36. Prestige actively induces its customers to directly infringe the asserted claims of the '751 patent by, for example, installing and using the infringing Prestige Steps. Prestige acted with the knowledge that the actions it induced would constitute infringement.

37. Prestige's infringement of the '751 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '751 patent and its infringement thereof, thus acting in reckless disregard of Lund's patent rights.

38. As a consequence of Prestige's patent infringement, Lund has suffered and will continue to suffer irreparable harm and injury, for example, in the form of lost market share and loss of customer goodwill.

39. Unless enjoined, Prestige and/or others acting on behalf of Prestige will continue their infringing acts, thereby causing additional irreparable injury to Lund for which there is no adequate remedy at law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lund prays for judgment and seeks the following relief:

(A) Pursuant to 35 U.S.C. § 271, a determination that Prestige and its officers, agents, servants, employees, dealers, retailers, distributors, manufacturers, attorneys and all others in active concert and/or participation with them have infringed the '751 patent through the use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

(B) Pursuant to 35 U.S.C. § 283, an injunction enjoining Prestige and its officers, agents, servants, employees, dealers, retailers, distributors, manufacturers, attorneys and all others in active concert and/or participation with them from infringing the '751 patent through the use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271, including preliminary and permanent injunctive relief;

(C) Pursuant to 35 U.S.C. § 284, an award compensating Lund for Prestige's infringement of the '751 patent through payment of not less than a reasonable royalty on

Prestige's sales of infringing products;

(D) Pursuant to 35 U.S.C. § 284, an award increasing damages up to three times the amount found or assessed by the jury for Prestige's infringement of each of the '751 patent in view of the willful and deliberate nature of the infringement;

(E) Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional case, and an award of reasonable attorneys' fees and non-taxable costs;

(F) An assessment of prejudgment and post-judgment interest and costs against Prestige, together with an award of such interest and costs, pursuant to 35 U.S.C. § 284;

(G) An order requiring Prestige to account to Lund for any and all profits derived by Prestige and all damages sustained by Lund by virtue of Prestige's unlawful acts complained of herein;

(H) An award of taxable costs; and

(I) Such other and further relief as the Court deems equitable and just under the circumstances.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Lund Motion Products, Inc. demands a trial by jury of all issues raised by the pleadings which are triable by jury.

Respectfully Submitted,

Dated: December 11, 2017

By: _/s/ Paula C. Boston_____
Paula C. Boston
Texas State Bar No. 24089661
Sylvia A. Cardona
Texas State Bar No. 24032317
LANGLEY & BANACK, INCORPORATED

-9-

        745 East Mulberry Avenue, Suite 700
        San Antonio, TX  78212
        Telephone: (210) 736-6600
        Facsimile: (210) 735-6889
        pboston@langleybanack.com
        scardona@langleybanack.com
        Attorneys for Plaintiff,
        LUND MOTION PRODUCTS, INC.

OF COUNSEL
John B. Sganga, Jr. (SBN 116,211)
Sean M. Murray (SBN 213,655)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502
john.sganga@knobbe.com
sean.murray@knobbe.com

Loni Morrow (SBN 287,693)
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707-4001
Loni.morrow@knobbe.com